## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BROOKS INSTRUMENT, LLC, and** | ) | |
| **BI PRODUCTS, LLC,** | ) | |
| | ) | **Civil Action No. 1:10-cv-10720** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MKS INSTRUMENTS, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

### COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT, AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AS WELL AS DECLARATORY JUDGMENT COMPLAINT FOR NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY

Plaintiffs, Brooks Instrument, LLC and BI Products, LLC (collectively, "Plaintiffs"), by and through their attorneys, bring this action against defendant, MKS Instruments, Inc., and allege as follows:

### THE PATENT INFRINGEMENT AND STATE LAW CLAIMS

### THE PARTIES

1.      Brooks Instrument, LLC ("Brooks") is a Delaware limited liability company having its principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

2.      BI Products, LLC ("BI Products") is a Delaware limited liability company having its principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

3.      On information and belief, Defendant MKS Instruments, Inc. ("MKS" or

"Defendant") is a Pennsylvania corporation having its principal place of business at 2 Tech

Drive, Andover, Massachusetts 01810.  Defendant may be served via its registered agent, CT

Corporation System, 1635 Market Street, Philadelphia, PA  19103.

### JURISDICTION AND VENUE

4.       This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et*

*seq*.  The pendant state law claims arise under the laws of the State of Massachusetts.

5.       This Court has jurisdiction over the patent subject matter of this action pursuant to

28 U.S.C. §§ 1331 and 1338(a).  This Court has jurisdiction over the pendant state law claims

under 35 U.S.C. § 1367(a) because those claims relate to the patent infringement claims, and

to the declaratory judgment claims (asserted below), such that the state law claims are part of

the same claim or controversy under the meaning of Article 3 of the U.S. Constitution, as

well as being part of the same transaction or occurrence and arising from common facts as the

declaratory judgment claims set forth below.

6.       Personal jurisdiction exists over MKS generally because MKS maintains its

headquarters and principal place of business within this judicial district.  Accordingly, MKS is

doing business in this judicial district and has sufficient contacts with this state and judicial

district to subject it to personal jurisdiction in this district.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28

U.S.C. § 1400(a) and (b).

### PATENT CLAIMS -- GENERAL ALLEGATIONS

8.        On July 11, 2006, United States Patent No. 7,073,392 (the "'392 patent"),

entitled "Methods and Apparatus for Pressure Compensation in a Mass Flow Controller" duly

and legally issued naming John Michael Lull, Chiun Wang, and Joseph A. Saggio, Jr. as inventors.  Brooks is the sole owner of all rights granted in the '392 patent.  A true and correct copy of the '392 patent is attached as Exhibit A and incorporated by reference.

9.      On October 14, 2008, United States Patent No. 7,434,477 (the "'477 patent") entitled "Methods and Apparatus for Pressure Compensation in a Mass Flow Controller" duly and legally issued naming John Michael Lull, Chiun Wang, and Joseph A. Saggio, Jr. as inventors.  Brooks is the sole owner of all rights granted in the '477 patent.  A true and correct copy of the '477 patent is attached as Exhibit B and incorporated by reference.

**COUNT I: INFRINGEMENT OF THE '392 PATENT**

10.     Brooks incorporates and realleges the allegations of paragraphs 1 through 9 as if set fully forth herein.

11.     Defendant has been and is infringing, inducing infringement and/or contributing to the infringement of the '392 patent in this District, and throughout the United States, by making, selling, using, offering for sale, and/or importing infringing flow delivery products covered by one or more claims of the '392 patent, including at least mass flow controllers and mass flow meters.  Upon information and belief, Defendant has sold products especially designed to be used by its customers in such a way that infringes the '392 patent, which lack substantial noninfringing uses, and which customers have used to actually infringe the '392 patent.  Upon information and belief, Defendant has also sold products to its customers, and, despite its knowledge of the '392 patent, has specifically intended that its customers infringe the '392 patent by providing at least marketing materials and instruction manuals detailing how to use its products in such a way that infringes the '392 patent, and

Defendant's customers have utilized Defendant's products to actually infringe the '392 patent.

12.     Defendant committed these acts of infringement without license or authorization.

13.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '392 patent complied with such requirements.

14.     Defendant had actual notice of the '392 patent prior to this lawsuit, but has continued to willfully and deliberately infringe despite such notice.

15.     As a result of Defendant's willful infringement of the '392 patent, Brooks has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

16.     Brooks has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '392 patent.

## COUNT II: INFRINGEMENT OF THE '477 PATENT

17.     Brooks incorporates and realleges the allegations of paragraphs 1 through 16 as if set fully forth herein.

18.     Defendant has been and is infringing, inducing infringement and/or contributing to the infringement of the '477 patent in this District, and throughout the United States, by making, selling, offering for sale, using, and/or importing infringing flow delivery

products covered by one or more claims of the '477 patent, including at least mass flow controllers and mass flow meters. Upon information and belief, Defendant has sold products especially designed to be used by its customers in such a way that infringes the '477 patent, which lack substantial noninfringing uses, and which customers have used to actually infringe the '477 patent. Upon information and belief, Defendant has also sold products to its customers, and, despite its knowledge of the '477 patent, has specifically intended that its customers infringe the '477 patent by providing at least marketing materials and instruction manuals detailing how to use its products in such a way that infringes the '477 patent, and Defendant's customers have utilized Defendant's products to actually infringe the '477 patent.

19.    Defendant committed these acts of infringement without license or authorization.

20.    Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '477 patent complied with such requirements.

21.    Defendant had actual notice of the '477 patent prior to this lawsuit, but has continued to willfully and deliberately infringe despite such notice.

22.    As a result of Defendant's willful infringement of the '477 patent, Brooks has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

23.    Brooks has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants,

employees, representatives, and all others acting in active concert therewith from infringing the '477 patent.

### STATE LAW CLAIMS -- ADDITIONAL GENERAL ALLEGATIONS

24.     Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 23 as if set fully forth herein.

25.     Celerity, Inc. ("Celerity") was an entity based in Austin, Texas and engaged in the manufacture and sale of mass flow controllers and other equipment used in semiconductor processing applications.

26.     At least on July 27, 2005, Celerity and MKS entered into a Confidential Information Agreement ("NDA") for, upon information and belief, the purpose of MKS investigating Celerity's technology and business pursuant to a potential acquisition of Celerity by MKS.  A copy of the NDA is attached as Exhibit C and incorporated by reference.

27.     Under the NDA, MKS expressly agreed to:

> (1) maintain the Confidential Information in strict confidence and not to disclose the Confidential Information to any third party; (2) to protect the Confidential Information with at least the degree of care with which it protects its own Confidential Information, but in no case with less than a reasonable degree of care; and (3) not to use the Confidential Information of Discloser [Plaintiff] for any purpose other than to transact business with Discloser.

28.     MKS did not acquire Celerity.  Plaintiff BI Products, however, did acquire certain assets of Celerity ("the instrumentation business") on or about June 15, 2009.  Shortly thereafter, BI Products and Brooks, a company held by the same parent as BI Products, both began offering for sale, selling, using, and manufacturing the former Celerity products in the

United States.  Brooks also offers for sale, sells, uses and manufactures other, non-former

Celerity flow controllers in the United States.

29.     By virtue of BI Products' purchase of Celerity on or about June 15, 2009, BI

Products owns Celerity's rights under the NDA.

30.     Both BI Products and, upon information and belief, the predecessor-in-interest

to the NDA, Celerity, fully performed and complied with their obligations under the NDA.

31.     Upon information and belief, Celerity, relying on the NDA and the promises

of MKS evidenced thereby, disclosed detailed confidential information to MKS about at least

the configuration, performance, and advantages of Celerity's Pressure Transient Insensitive

("PTI") flow controller products, including, without limitation, testing, defect rates, accuracy,

speed, and other improvements related to the specific PTI technology included in such

products on at least October 26, 2005 and November 7, 2005.  Upon information and belief,

such information was not in the public domain.

32.     Shortly thereafter, on December 15, 2005, MKS filed U.S. Patent Application

No. 11/304,456 (the "'456 patent application") and claimed priority to, among others, U.S.

Patent Application 10/178,261 (the "'261 application") filed on June 24, 2002.  In the '456

patent application, MKS filed new claims, upon information and belief, attempting to obtain

coverage over Celerity's proprietary products directly as a result of information that MKS

obtained in confidence from Celerity less than two months earlier.  Notably, MKS had filed at

least nine prior applications claiming priority to the '261 family of applications prior to

receiving Celerity's confidential information, but filed its claims in attempt to expand

coverage directed toward Celerity's technology after MKS met with Celerity and received Celerity's confidential information.

33.     MKS filed U.S. Patent Application No. 10/178,721 as a continuation of the '456 patent application.  The '721 application ultimately issued as United States Patent No. 7,424,346 ("the '346 patent"), which is one of the patents giving rise to the immediate, continuing and justiciable controversy that forms the basis for the Declaratory Judgment counts asserted below.

## COUNT III: BREACH OF CONTRACT

34.     Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 33 as if set fully forth herein.

35.     Upon information and belief, MKS filed claims that MKS believed would cover the Celerity's proprietary PTI products directly as a result of the confidential information received from Celerity.  In doing so, MKS breached its NDA with Celerity by, for example, using the confidential information it obtained through its attempted purchase of Celerity for purposes beyond the limited use permitted in the NDA.  Upon information and belief, MKS's access to confidential information of Celerity resulted in MKS's decision to draft the claims of the '456 application in a manner that MKS believed covered Celerity's propriety implementation of PTI technology.

36.     As a proximate result of MKS's breach, BI Products has been damaged and seeks an award of damages in an amount to be determined by a jury at trial.

## COUNT IV: BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

37.     Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 36 as if set fully forth herein.

38.     MKS's actions had the effect of destroying and/or injuring BI Products right to receive the fruits of the NDA, which limited MKS's ability to use such confidential information to the terms set forth in the NDA.

39.     Despite the clear and unambiguous terms of the NDA, upon information and belief, MKS improperly used Celerity's confidential information to file new claims in the '456 application in an improper attempt to cover Celerity's proprietary products, thereby breaching the implied covenant of good faith and fair dealing.

40.     Accordingly, as a proximate result of Defendant's actions, BI Products has been damaged and seeks an award of damages in an amount to be determined by a jury at trial.

## DECLARATORY JUDGMENT COMPLAINT

### THE PARTIES

41.     Plaintiffs incorporate and reallege the allegations of paragraphs 1-3, and 24-40 as if set fully forth herein.

### NATURE OF THE ACTION

42.     This is an action by Plaintiffs for declaratory relief under 28 U.S.C. §§ 2201 *et seq.*

**JURISDICTION AND VENUE**

43.     This action arises under the patent laws of the United States, Title 35, United

States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  Subject matter

jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

44.     In addition to breaching its NDA with Celerity, MKS sued Celerity on

September 8, 2008 alleging infringement of United States Letters Patent Nos. 6,712,084,

entitled "Apparatus and Method for Pressure Fluctuation Insensitive Mass Flow Control";

6,932,098, entitled "Apparatus and Method for Pressure Fluctuation Insensitive Mass Flow

Control";  and the aforementioned 7,424,346, entitled "Apparatus and Method for Pressure

Fluctuation Insensitive Mass Flow Control" (collectively "the MKS Patents").  Upon

information and belief, MKS is the legal owner by assignment of all rights granted by the

MKS Patents.  True and correct copies of the MKS Patents are attached as Exhibits D, E, and

F, respectively, and incorporated by reference.

45.     MKS alleged that Celerity infringed the MKS Patents by "manufacturing,

using, selling, offering for sale and/or importing," among other things, various flow controller

products.  Upon information and belief, MKS dismissed the lawsuit against Celerity ("the

Celerity Litigation") without prejudice on March 11, 2009.  A copy of the Court's Docket

from the Celerity Litigation is attached as Exhibit G and incorporated by reference.

46.     BI Products acquired "the instrumentation business" of Celerity on or about

June 15, 2009 and, as set forth previously, BI Products and Brooks began to sell the former

Celerity products in the United States.

47.     On June 19, 2009, after BI Products had acquired the instrumentation

business of Celerity, Ms. Kathleen Burke, the General Counsel of MKS, sent a letter to Brooks alleging that certain Celerity products, including flow controller products, infringed the MKS Patents.  The letter states that "while MKS dismissed the case [the Celerity Litigation] without prejudice … MKS has always asserted, and continues to assert, that [Celerity's products] infringe the [MKS Patents]."  The letter concluded with the thinly veiled threat that "MKS … will take all necessary steps to protect [its intellectual property] rights."  While the letter was addressed to Brooks, BI Products also sells the products that MKS name as allegedly infringing in Ms. Burke's letter, a copy of which is attached as Exhibit H and incorporated by reference.  MKS has at all times maintained its position that the former Celerity products sold by Brooks and BI Products infringe the MKS Patents.

48.     Based upon, among other things, MKS June 19, 2009 letter, MKS's continued conduct and repeated claims that Brooks, as well as the former Celerity products, infringe the MKS Patents, and MKS's past willingness to litigate the MKS Patents, an actual and continuing justiciable controversy has arisen and currently exists under 28 U.S.C. § 1338 between Plaintiffs and MKS as to whether Plaintiffs are infringing the MKS Patents, as to the validity of the MKS Patents, and as to the enforceability of the '346 patent. Plaintiffs, therefore, have reasonable apprehension that MKS will file suit against it for infringement of the MKS Patents.

49.     Personal jurisdiction exists over MKS generally because MKS maintains its headquarters and principal place of business within this judicial district.  Accordingly, MKS is doing business in this judicial district and has sufficient contacts with this state and judicial district to subject it to personal jurisdiction in this district.

50.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### COUNT A -- A Declaration of Non-Infringement

51.     Plaintiffs incorporate and reallege the allegations of paragraphs 41 through 50 as if set fully forth herein.

52.     There is an actual, justiciable controversy between Plaintiffs, on the one hand, and MKS, on the other, as to the infringement of the MKS Patents.

53.     Plaintiffs request the declaration of this Court that they have not and do not infringe, either literally, under the doctrine of equivalents, or indirectly, any valid claim of the MKS Patents, and that they are not liable for damages arising from MKS's claimed infringement.

### COUNT B -- A Declaration of Invalidity

54.     Plaintiffs incorporate and reallege the allegations of paragraphs 41 through 53 as if set fully forth herein.

55.     There is an actual, justiciable controversy between Plaintiffs, on the one hand, and MKS, on the other, as to the validity of the MKS Patents.

56.     Plaintiffs request the declaration of this Court that one or more claims of each of the MKS Patents are invalid for failure to meet the requirements of patentability under at least 35 U.S.C. §§ 101, 102, 103, 112 and/or 120.

### COUNT C -- A Declaration of Unenforceability of U.S. Patent No. 7,424,346

57.     Plaintiffs incorporate and reallege the allegations of paragraphs 41 through 56 as if set fully forth herein.

58.     There is an actual, justiciable controversy between Plaintiffs, on the one hand, and MKS, on the other, as to the enforceability of the '346 patent.

59.     The '721 application, which issued as the '346 patent, was filed on December 15, 2005 as a continuation of the '456 application, which, in turn, was filed as a continuation of the '261 application.  The '261 application claims priority to June 24, 2002.  The prosecution of the '346 patent was done by Toby H. Kusmer.  The '346 patent issued on September 9, 2008, and was, upon information and belief, assigned to MKS Instruments, Inc.

60.     U.S. Patent No. 5,868,159 (the "'159 patent"), entitled "Pressure-Based Mass Flow Controller," was filed on July 12, 1996.  The '159 patent was also prosecuted by Toby H. Kusmer.  The '159 patent issued on February 9, 1999, and was, upon information and belief, also assigned to MKS Instruments, Inc.  A true and correct copy of the '159 patent is attached as Exhibit I and incorporated by reference.

61.     The '159 patent predates the earliest possible priority date of the '346 patent.

62.     The '159 patent is material to the patentability of the '346 patent.  Both the '159 patent and the '346 patent disclose mass flow controllers that monitor and control the pressure of mass flow, and both patents similarly claim mass flow controllers that sense pressure and generate control signals based on the detected pressure.  The '159 patent is, in fact, so material to the '346 patent that the '159 patent anticipates and or renders obvious at least claim 1 of the '346 patent.

63.     Upon information and belief, MKS and its agents, including Mr. Kusmer, were aware of the '159 patent at the time the '346 patent was filed and throughout the '346 patent's prosecution.  Both patents were prosecuted by Mr. Kusmer, and, during the entire

prosecution of the '346 patent, MKS owned the rights of the '159 patent.  However, none of the Information Disclosure Statements made during the prosecution of the '346 patent or any of its parent applications disclosed the '159 patent.

64.     Upon information and belief, neither MKS, nor its agents, including Mr. Kusmer, despite their awareness of the '159 patent and their awareness of its high degree of materiality to the then pending applications that led to the '346 patent, disclosed the '159 patent to the Patent Examiner at any point during the prosecution of the '346 patent.

65.     Upon information and belief, MKS, its agents, and in particular Mr. Kusmer, failed to disclose the '159 patent with intent to deceive the Patent and Trademark Office into improperly issuing the '346 patent.

66.     Upon information and belief, the Patent Examiner was not aware of the '159 patent, and did not consider the '159 patent in making the decision to issue the '346 patent.

67.     MKS's, its agents', and Mr. Kusmer's failure to disclose the '159 patent during the prosecution of the '346 patent constitutes inequitable conduct and renders the '346 patent unenforceable.

## DEMAND FOR JURY TRIAL

68.     Plaintiffs respectfully demands a jury trial of all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to grant it the following relief:

(a)     A judgment in favor of Plaintiffs that Defendant has infringed, directly, and/or indirectly, by way of inducing and/or contributing to the

infringement of, one or more claims of the '392 patent;

(b)    A judgment in favor of the Plaintiffs that Defendant has infringed, directly, and/or indirectly, by way of inducing and/or contributing to the infringement of, one or more claims of the '477 patent;

(c)    A judgment that such infringement was willful;

(d)    A preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement, inducing the infringement of, or contributing to the infringement of, one or more of the claims of the '392 and/or '477 patents;

(e)    A judgment and order requiring Defendant to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of one or more claims of the '392 and/or '477 patents;

(f)    An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate and willful nature of Defendant's infringement;

(g)    An award to Plaintiffs their actual damages from the state law claims to be determined at trial;

(h)    That the Court enter a judgment declaring that Plaintiffs do not infringe, contribute to the infringement by others of, or induce the infringement of, any valid claim of each of the MKS Patents, either literally or under the doctrine of equivalents;

(i)    That the Court enter a judgment declaring each of the claims of each of the

MKS Patents invalid;

(j)     That the Court enter a judgment declaring the '346 patent unenforceable;

(k)     A judgment and order finding that this is an exceptional case within the

        meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable

        attorneys' fees; and

(l)     Any and all such other relief that this Court deems just and proper.

Dated: April 29, 2010                    Respectfully submitted,

                                            /s/ Karen C. Marchiano
                                         Karen C. Marchiano
                                         Mass. Board of Bar Overseers No. 668844
                                         Sonnenschein Nath & Rosenthal LLP
                                         525 Market Street, 26th Floor
                                         San Francisco, CA  94105-2708
                                         Telephone: (415) 882-5047
                                         Facsimile: (415) 882-0300
                                         Email: kmarchiano@sonnenschein.com

                                         Mark C. Nelson  (Lead Attorney)
                                         Texas State Bar No. 00793361
                                         Darren W. Collins
                                         Texas State Bar No. 2400190
                                         Matthew D. Orwig
                                         Texas State Bar No. 15325300
                                         Sonnenschein Nath & Rosenthal LLP
                                         2000 McKinney Ave, Suite 1900
                                         Dallas, Texas   75201
                                         Telephone:  (214) 259-0901
                                         Facsimile:   (214) 259-0910
                                         Email: mcnelson@sonnenschein.com
                                         Email: dcollins@sonnenschein.com
                                         Email: morwig@sonnenschein.com

Philip A. O'Connell, Jr.
Mass. Board of Bar Overseers No. 649343
Sonnenschein Nath & Rosenthal LLP
101 Federal Street, Suite 2750
Boston, MA  02110-1873
Telephone:  (617) 235-6802
Facsimile: (617) 235-6899
Email:  poconnelljr@sonnenschein.com

**ATTORNEYS FOR PLAINTIFFS AND
DECLARATORY JUDGMENT PLAINTIFFS
BROOKS INSTRUMENT, LLC AND BI
PRODUCTS, LLC**

14854915\V-6