**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BROOKS INSTRUMENT, LLC, and<br>BI PRODUCTS, LLC, | )<br>)<br>) | Civil Action No. 1:10-cv-10720 |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| MKS INSTRUMENTS, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | )<br>)<br>) | |

**BROOKS INSTRUMENT, LLC AND BI PRODUCTS, LLC'S**
**ANSWER TO MKS INSTRUMENTS, INC.'S COUNTERCLAIMS**

Plaintiffs and Counterclaim-Defendants Brooks Instrument, LLC ("Brooks") and BI Products, LLC ("BK Products) (collectively, "Counterclaim-Defendants"), by and through their attorneys, answer the Counterclaims of Defendant and Counterclaim-Plaintiff MKS Instruments, Inc. ("MKS"), as follows:

**PARTIES**

1. On information and belief, Counterclaim-Defendants admit that MKS is a Massachusetts corporation having its principal place of business at 2 Tech Drive, Andover, Massachusetts 01810.

2. Counterclaim-Defendants admit that MKS manufactures and sells flow delivery products, including at least, without limitation, its "piMFC" series of pressure insensitive mass flow controllers and mass flow meters. On information and belief, Counterclaim-Defendants admit that MKS is the legal owner by assignment of all rights granted by U.S. Pat. Nos. 6,712,084, 6,932,098, 7,424,346 (collectively "the MKS Patents"). Counterclaim-Defendants further admit that copies of the MKS Patents are attached to the

Second Amended Complaint (Docket No. 21-1) as Exhibits E, F, and G.  Counterclaim-Defendants are without sufficient knowledge or information to admit or deny any other allegation in paragraph 2 of the Counterclaims, and on that basis, deny each and every other allegation.

3. Counterclaim-Defendants admit that Brooks is a Delaware limited liability company with its principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

4. Counterclaim-Defendants admit that BI Products is a Delaware limited liability company with its principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

## JURISDICTION AND VENUE

5. Counterclaim-Defendants admit that this Court has jurisdiction over the subject matter of MKS's Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Counterclaim-Defendants also admit that venue for MKS's Counterclaims is proper in this District under 28 U.S.C. § 1391.  Counterclaim-Defendants deny each and every other allegation in paragraph 5 of the Counterclaims.

6. Counterclaim-Defendants admit that this Court has personal jurisdiction over the parties.  Counterclaim-Defendants deny each and every other allegation in paragraph 6 of the Counterclaims.

## BACKGROUND

7. Counterclaim-Defendants admit that Brooks is the owner of all rights granted in United States Patent No. 7,073,392 ("the '392 patent) and 7,434,477 ("the '477 patent").  Counterclaim-Defendants also admit that they have asserted that MKS has been and is infringing, inducing infringement and/or contributing to the infringement of the '392 and '477 patents in this District, and throughout the United States, by making, selling, using,

offering for sale, and/or importing infringing flow delivery products, including at least, without limitation, MKS's "piMFC" series of pressure insensitive mass flow controllers and mass flow meters, embodying the patented invention as claimed in one or more claims of the '392 and '477 patents.  Counterclaim-Defendants further admit that they have asserted that MKS has been and is willfully infringing the '392 and '477 patents.  Counterclaim-Defendants deny each and every other allegation in paragraph 7 of the Counterclaims.

      8.      Counterclaim-Defendants admit that they and their products, which include, without limitation, Unit 125 Series integrated flow controllers (including IFC-125 integrated flow controller and the GF-125 integrated flow controller), RFC 100 ratio flow controllers, IN3XP Series performance mass flow controllers and meters, and custom gas delivery modules using PTI technology sold by Brooks and BI Products have not and do not infringe, either literally, under the doctrine of equivalents, or indirectly, any valid claim of the MKS Patents.  Counterclaim-Defendants deny each and every other allegation in paragraph 8 of the Counterclaims.

      **COUNT ONE: INFRINGEMENT OF THE '084, '098 AND '346 PATENTS**

      9.      Counterclaim-Defendants incorporate and reallege the allegations of paragraphs 1 through 8 as if fully set forth herein.

      10.      Counterclaim-Defendants admit that that they make, use, sell, offer for sale and/or import products, including, without limitation, Unit 125 Series integrated flow controllers (including IFC-125 integrated flow controller and the GF-125 integrated flow controller), RFC 100 ratio flow controllers, IN3XP Series performance mass flow controllers and meters, and custom gas delivery modules using PTI technology.  Counterclaim-Defendants admit that that they have in the past made, used, sold, offered for sale and/or imported the B-Series mass flow controllers and systems including such products.

Counterclaim-Defendants further admit that Applied Materials, Inc. is one of its customers. Counterclaim-Defendants deny each and every other allegation in paragraph 10 of the Counterclaims.

11. Counterclaim-Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Counterclaims, and on that basis, deny each and every allegation.

12. Counterclaim-Defendants admit that on June 19, 2009, after BI Products acquired the instrumentation business of Celerity, Ms. Kathleen Burke, the General Counsel of MKS, sent a letter to Brooks alleging that certain Celerity products, including flow controller products, infringed the MKS Patents. A copy of that letter is attached to the Second Amended Complaint (Docket No. 22) as Exhibit H. Counterclaim-Defendants deny each and every other allegation in paragraph 12 of the Counterclaims.

13. Counterclaim-Defendants deny each and every allegation in paragraph 13 of the Counterclaims.

14. Counterclaim-Defendants deny each and every allegation in paragraph 14 of the Counterclaims.

15. Counterclaim-Defendants deny each and every allegation in paragraph 15 of the Counterclaims.

**COUNT TWO: DECLARATION OF INVALIDITY OF
THE '392 AND '477 PATENTS**

16. Counterclaim-Defendants incorporate and reallege the allegations of paragraphs 1 through 15 as if fully set forth herein.

17. Counterclaim-Defendants deny each and every allegation in paragraph 17 of the Counterclaims.

18. Counterclaim-Defendants deny each and every allegation in paragraph 18 of the Counterclaims.

19. Counterclaim-Defendants deny each and every allegation in paragraph 19 of the Counterclaims.

**PRAYER FOR RELIEF**

Counterclaim-Defendants deny that MKS is entitled to any relief whatsoever, either as requested in MKS's Counterclaims or otherwise.

Dated: July 19, 2010                                         Respectfully submitted,

      /s/Michael H. Bunis
Michael Bunis (BBO #566839)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Fax: (617) 248-4000
mbunis@choate.com

Mark C. Nelson (TX State Bar No. 2400190)
Darren W. Collins (TX State Bar No. 2400190)
Sonnenschein Nath & Rosenthal LLP
2000 McKinney Ave, Suite 1900
Dallas, Texas 75201
Telephone: (214) 259-0901
Facsimile: (214) 259-0910
mcnelson@sonnenschein.com
dcollins@sonnenschein.com

Jimmy Shin (CA State Bar No. 200161)
Karen C. Marchiano (BBO #668844)
Sonnenschein Nath & Rosenthal LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310
jshin@sonnenschein.com
kmarchiano@sonnenschein.com

**Attorneys For Plaintiffs and Declaratory Judgment Plaintiffs BROOKS INSTRUMENT, LLC and BI PRODUCTS, LLC**

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon the attorney of record for MKS Instruments, Inc. by ECF on July 19, 2010.

                                                    /s/ Michael H. Bunis