## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKS INSTRUMENT, LLC, and BI PRODUCTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MKS INSTRUMENTS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 1:10-cv-10720 |

### DEFENDANT MKS INSTRUMENTS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant MKS Instruments, Inc. ("MKS") answers plaintiff Brooks Instrument, LLC's ("Brooks") and plaintiff BI Products, LLC's ("BI Products") (collectively "Plaintiffs") Third Amended Complaint for Patent Infringement, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Violation of M.G.L. Ch. 93 § 42, Common Law Misappropriation of Trade Secrets, Violation of M.G.L. Ch. 93A § 11, Common Law Unfair Competition, as well as Declaratory Judgment for Non-Infringement, Invalidity, and Unenforceability of Patents as follows:

### THE PATENT INFRINGEMENT AND STATE LAW CLAIMS

### THE PARTIES

1.     MKS is without sufficient knowledge or information to admit or deny these allegations.

2.     MKS is without sufficient knowledge or information to admit or deny these allegations.

3.     MKS admits that it is incorporated in Massachusetts and has a principle place of

business at 2 Tech Drive, Andover, Massachusetts 01810.

### JURISDICTION AND VENUE

4.     Paragraph 4 sets forth legal conclusions for which no response is required.

5.     Paragraph 5 sets forth legal conclusions for which no response is required.

6.     MKS is without sufficient knowledge or information to admit or deny that the amount in controversy exceeds $75,000.  The remaining allegations set forth legal conclusions for which no response is required.

7.     MKS admits that it maintains a principal place of business and is doing business within this judicial district.  The remaining allegations set forth legal conclusions for which no response is required.

8.     Paragraph 8 sets forth legal conclusions for which no response is required.

### PATENT CLAIMS – GENERAL ALLEGATIONS

9.     MKS denies the allegations of paragraph 9, except that it admits that United States Patent No. 7,073,392 ("the '392 patent") is entitled "Methods and Apparatus for Pressure Compensation in a Mass Flow Controller" and that it states, on its face, that it issued on July 11, 2006 naming John Michael Lull, Chiun Wang and Joseph A. Saggio, Jr. as inventors.  To the extent that this paragraph purports to characterize the patent document, MKS states that the document speaks for itself.  MKS is without sufficient knowledge or information to admit or deny whether Brooks is the sole owner of all rights in the '392 patent.

10.     MKS denies the allegations of paragraph 10, except that it admits that United States Patent No. 7,434,477 ("the '477 patent") is entitled "Methods and Apparatus for Pressure Compensation in a Mass Flow Controller" and that it states, on its face, that it issued on October 14, 2008 naming John Michael Lull, Chiun Wang and Joseph A. Saggio, Jr. as inventors.  To the

extent that this paragraph purports to characterize the patent document, MKS states that the document speaks for itself.  MKS is without sufficient knowledge or information to admit or deny whether Brooks is the sole owner of all rights in the '477 patent.

11.     MKS denies the allegations of paragraph 11, except that it admits that United States Patent No. 7,273,063 ("the '063 patent") is entitled "Methods and Apparatus for Pressure Compensation in a Mass Flow Controller" and that it states, on its face, that it issued on September 25, 2007 naming John Michael Lull, Chiun Wang and Joseph A. Saggio, Jr. as inventors.  To the extent that this paragraph purports to characterize the patent document, MKS states that the document speaks for itself.  MKS is without sufficient knowledge or information to admit or deny whether Brooks is the sole owner of all rights in the '063 patent.

12.     MKS denies the allegations of paragraph 12, except that it admits that United States Patent No. 7,231,931 ("the '931 patent") is entitled "System and Method for a Mass Flow Controller" and that it states, on its face, that it issued on October 14, 2008 naming John Michael Lull, Chiun Wang, William S. Valentine, and Joseph A. Saggio, Jr. as inventors.  To the extent that this paragraph purports to characterize the patent document, MKS states that the document speaks for itself.  MKS is without sufficient knowledge or information to admit or deny whether Brooks is the sole owner of all rights in the '931 patent.

**COUNT I:  INFRINGEMENT OF THE '392 PATENT**

13.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

14.     MKS denies the allegations of paragraph 14, except that it admits that it manufactures, uses, sells and offers to sell its πMFC series of pressure insensitive mass flow controllers and mass flow meters, including delivery of products to customers, including Veeco

Instruments, Inc., Axcelis Technologies, Inc., and Novellus Systems, Inc.

15.     MKS denies the allegations of paragraph 15, except that it admits that it has no license to the '392 Patent.

16.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 16.

17.     MKS denies the allegations of paragraph 17, except that it admits that it was aware of the '392 patent prior to the filing of this lawsuit.

18.     MKS denies the allegations of paragraph 18.

19.     MKS denies the allegations of paragraph 19.

### COUNT II:  INFRINGEMENT OF THE '477 PATENT

20.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

21.     MKS denies the allegations of paragraph 21, except that it admits that it manufactures, uses, sells and offers to sell its πMFC series of pressure insensitive mass flow controllers and mass flow meters, including delivery of products to customers, including Veeco Instruments, Inc., Axcelis Technologies, Inc., and Novellus Systems, Inc.

22.     MKS denies the allegations of paragraph 22, except that it admits that it has no license to the '477 Patent.

23.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 23.

24.     MKS denies the allegations of paragraph 24, except that it admits that it was aware of the '477 patent prior to the filing of this lawsuit.

25.     MKS denies the allegations of paragraph 25.

26.     MKS denies the allegations of paragraph 26.

## COUNT III:  INFRINGEMENT OF THE '063 PATENT

27.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

28.     MKS denies the allegations of paragraph 28, except that it admits that it manufactures, uses, sells and offers to sell its πMFC series of pressure insensitive mass flow controllers and mass flow meters, including delivery of products to customers, including Veeco Instruments, Inc., Axcelis Technologies, Inc., and Novellus Systems, Inc.

29.     MKS denies the allegations of paragraph 29, except that it admits that it has no license to the '063 Patent.

30.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 30.

31.     MKS denies the allegations of paragraph 31, except that it admits that it was aware of the '063 patent prior to the filing of this lawsuit.

32.     MKS denies the allegations of paragraph 32.

## COUNT IV:  INFRINGEMENT OF THE '931 PATENT

33.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

34.     MKS denies the allegations of paragraph 34, except that it admits that it manufactures, uses, sells and offers to sell its πMFC series of pressure insensitive mass flow controllers and mass flow meters, including delivery of products to customers, including Veeco Instruments, Inc., Axcelis Technologies, Inc., and Novellus Systems, Inc.

35.     MKS denies the allegations of paragraph 35, except that it admits that it has no

license to the '931 Patent.

36.     MKS is without sufficient knowledge or information to admit or deny the

allegations in paragraph 36.

37.     MKS denies the allegations of paragraph 37, except that it admits that it was

aware of the '931 patent prior to the filing of this lawsuit.

38.     MKS denies the allegations of paragraph 38.

**STATE LAW CLAIMS – ADDITIONAL GENERAL ALLEGATIONS**

39.     MKS incorporates by reference its answers in the preceding paragraphs as if fully

set forth here.

40.     MKS denies the allegations of paragraph 40, except that it admits that Celerity,

Inc. ("Celerity") was engaged in the manufacture and sale of mass flow controllers and other

equipment used in semiconductor processing applications.

41.     MKS denies the allegations of paragraph 41, except that it admits that Celerity,

Inc. and MKS entered into a Confidential Information Agreement ("NDA") on August 5, 2005.

42.     MKS admits that paragraph 42 reproduces a portion of the NDA.  To the extent

that Plaintiffs purport to characterize this language or the NDA, MKS states that the document

speaks for itself.

43.     MKS denies the allegations of paragraph 43, except that it admits that Celerity

disclosed some information to MKS on October 26, 2005 and November 7, 2005.  MKS is

without sufficient knowledge or information as to what information Plaintiffs contend was

disclosed by Celerity to MKS to admit or deny whether all such information was designated

confidential pursuant to the NDA or was in the public domain.  Answering further, MKS states

that much of the information about Celerity pressure transient insensitive flow controller

products was in the public domain as of at least October 2005, including, without limitation, Celerity products being freely available in commerce for purchase, inspection, use and testing, as well as the published United States Patent Application number US2004/0074311 (which later issued as the '392 patent being asserted in Count I) related to this Celerity product.

44.     MKS denies the allegations of paragraph 44, except that it admits that it did not acquire Celerity and that it filed United States Patent Application No. 11/304,456 on December 15, 2005 ("the '456 application").

45.     MKS denies the allegations of paragraph 45, except that it admits that the '456 application claimed priority to nine applications filed on June 24, 2002 and that the claims of the '456 application differed from the claims of the nine applications filed on June 24, 2002.

46.     MKS denies the allegations of paragraph 46.

47.     MKS admits that the '456 application issued as United States Patent No. 7,424,346 on September 9, 2008 ("the '346 patent").  The remaining allegations of paragraph 47 set forth legal conclusions for which no response is required.

48.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 48.

49.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 49.

50.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 50.

## COUNT V:  BREACH OF CONTRACT

51.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

52.     MKS denies the allegations of paragraph 52.

53.     MKS denies the allegations of paragraph 53.

## COUNT VI:  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

54.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

55.     Paragraph 55 sets forth legal conclusions for which no response is required.

56.     MKS denies the allegations of paragraph 56.

57.     MKS denies the allegations of paragraph 57.

58.     MKS denies the allegations of paragraph 58.

## COUNT VII:  VIOLATION OF M.G.L. CH. 93 § 42

59.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

60.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 60.

61.     MKS denies the allegations of paragraph 61, except to the extent it calls for legal conclusions for which no response is required.

62.     MKS is without sufficient knowledge or information to admit or deny the allegations regarding Celerity's expectations.  To the extent that these allegations purport to characterize the NDA, MKS states that the document speaks for itself.  Answering further, MKS states that it entered into the NDA with Celerity and otherwise denies the remaining allegations o this paragraph 62.

63.     MKS denies the allegations of paragraph 63.

64.     MKS denies the allegations of paragraph 64.

65.    MKS denies the allegations of paragraph 65.

66.    MKS denies the allegations of paragraph 66.

**COUNT VIII:  COMMON LAW MISAPPROPRIATION OF TRADE SECRETS**

67.    MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

68.    MKS denies the allegations of paragraph 68, except that it states that it is without sufficient knowledge or information to admit or deny the allegations that the alleged confidential information was and is used by Celerity and BI Products.

69.    MKS denies the allegations of paragraph 69.

**COUNT IX:  VIOLATION OF M.G.L. CH. 93A, § 11**

70.    MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

71.    Admitted.

72.    MKS denies the allegations of paragraph 72.

73.    MKS denies the allegations of paragraph 73.

74.    MKS denies the allegations of paragraph 74.

75.    MKS denies the allegations of paragraph 75.

76.    MKS denies the allegations of paragraph 76.

**COUNT X:  COMMON LAW UNFAIR COMPETITION**

77.    MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

78.    MKS denies the allegations of paragraph 78.

79.    MKS denies the allegations of paragraph 79.

80.     MKS denies the allegations of paragraph 80.

## DECLARATORY JUDGMENT COMPLAINT

### THE PARTIES

81.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 81.

82.     MKS is without sufficient knowledge or information to admit or deny the allegations in paragraph 82.

83.     Admitted.

### NATURE OF THE ACTION

84.     Paragraph 84 sets forth legal conclusions for which no response is required.

### JURISDICTION AND VENUE

85.     Paragraph 85 sets forth legal conclusions for which no response is required.

86.     MKS denies the allegations of paragraph 86, except that it admits that it sued Celerity on September 8, 2008 ("the Celerity Litigation") for the "manufacturing, using, selling, offering for sale and/or importing" various flow controller products as infringing United States Patent Nos. 6,712,084, entitled "Apparatus and Method for Pressure Fluctuation Insensitive Mass Flow Control"; 6,932,098, entitled "Apparatus and Method for Pressure Fluctuation Insensitive Mass Flow Control"; and the '346 patent, entitled "Apparatus and Method for Pressure Fluctuation Insensitive Mass Flow Control" (collectively "the MKS Patents"), and that the Celerity Litigation was dismissed without prejudice.

87.     MKS admits that it is the legal owner by assignment of all rights granted by the MKS Patents.

88.     MKS is without sufficient knowledge or information to admit or deny the

allegations in paragraph 88.

89.     MKS denies the allegations of paragraph 89, except that it is without sufficient knowledge or information to admit or deny the allegations regarding BI Products acquisition of the instrumentation business of Celerity or the products sold by BI Products, and that MKS admits that Kathleen Burke, the General Counsel of MKS, sent Brooks the letter attached as Exhibit J to the Complaint, which letter speaks for itself, and has since maintained that position.

90.     Paragraph 90 sets forth legal conclusions for which no response is required.

91.     MKS admits that it maintains a principal place of business and is doing business within this judicial district.  The remaining allegations set forth legal conclusions for which no response is required.

92.     Paragraph 92 sets forth legal conclusions for which no response is required.

**COUNT XI:  A DECLARATION OF NON-INFRINGEMENT**

93.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

94.     Paragraph 94 sets forth legal conclusions for which no response is required.

95.     MKS denies the allegations of paragraph 95.

**COUNT XII:  A DECLARATION OF INVALIDITY**

96.     MKS incorporates by reference its answers in the preceding paragraphs as if fully set forth here.

97.     Paragraph 97 sets forth legal conclusions for which no response is required.

98.     MKS denies the allegations of paragraph 98.

**COUNT XIII:  A DECLARATION OF UNENFORCEABILITY OF
U.S. PATENT NO. 7,424,346**

99.     MKS incorporates by reference its answers in the preceding paragraphs as if fully

set forth here.

100.     Paragraph 100 sets forth legal conclusions for which no response is required.

101.     MKS denies the allegations of paragraph 101, except that it admits that it filed the '456 application on December 15, 2005 claiming priority to nine applications filed on June 24, 2002 and the '456 application issued as the '346 patent.

102.     Admitted.

103.     MKS denies the allegations of paragraph 103.

104.     MKS denies the allegations of paragraph 104, except that it admits that MKS owned the rights of the '159 Patent during the prosecution of the '346 application and that none of the Information Disclosure Statements made during the prosecution of the '346 patent or any of its parent applications disclosed the '159 patent.

105.     MKS denies the allegations of paragraph 105, except that it admits that MKS did not disclose the '159 patent to the patent examiner during the prosecution of the application that issued as the '346 patent.

106.     MKS denies the allegations of paragraph 106.

107.     MKS denies the allegations of paragraph 107.

108.     MKS denies the allegations of paragraph 108.

109.     MKS denies the allegations of paragraph 109, except that it admits that it filed the '456 application on December 15, 2005 claiming priority to nine applications filed on June 24, 2002, that the '456 application issued as the '346 patent and that Applied Materials, Inc. ("AMAT") provided MKS with certain documents and requests for proposals to provide a pressure insensitive mass flow controller.

110.     MKS denies the allegations of paragraph 110.

111.    MKS denies the allegations of paragraph 111, except that it admits it had knowledge of the documents supplied to MKS by AMAT and that it did not provide them to the patent examiner as part of the prosecution of the '346 patent.

112.    MKS denies the allegations of paragraph 112, except that it admits that no Information Disclosure Statement submitted during the pendency of the '456 application contained the documents provided to MKS by AMAT.

113.    MKS denies the allegations of paragraph 113.

114.    MKS denies the allegations of paragraph 114.

115.    MKS denies the allegations of paragraph 115 except that it is without sufficient knowledge or information to admit or deny whether the patent examiner considered the documents provided to MKS by AMAT.

116.    MKS denies the allegations of paragraph 116.

117.    MKS denies the allegations of paragraph 117.

## DEMAND FOR JURY TRIAL

118.    Paragraph 118 sets forth a request for a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, MKS alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.   In addition to the affirmative defenses described below, subject to its responses above, MKS specifically reserves all rights to alleged additional affirmative defenses that become known through the course of discovery.

## First Affirmative Defense

MKS has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any claim of the '392 patent, the '477 patent, the '063 patent or the '931 patent and is not liable for any acts of infringement of any claim of the '392 patent, the '477 patent, the '063 patent or the '931 patent.

### Second Affirmative Defense

One or more of the claims of the '392 patent, the '477 patent, the '063 patent, or the '931 patent are invalid for failure to comply with one or more of the requirements of Sections 100 et seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

### Third Affirmative Defense

The claims of the '392 patent, the '477 patent, the '063 patent, and the '931 patent are unenforceable, in whole or in part, by the doctrines of laches.

### Fourth Affirmative Defense

One or more of the Counts in Plaintiffs' complaint are barred by an applicable Statute of Limitations.

### Fifth Affirmative Defense

To the extent that the alleged invention has been sold or offered for sale to, or manufactured or used by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

### COUNTERCLAIMS

Defendants MKS Instruments, Inc. ("MKS"), for its Counterclaims against Brooks Instrument, LLC ("Brooks") and BI Products, LLC ("BI Products"), upon information and belief, state as follows:

### PARTIES

1.      Counterclaim Plaintiff MKS is a Massachusetts corporation having its principal place of business at 2 Tech Drive, Andover, Massachusetts 01810.

2.      MKS manufactures and sells processing control instruments, including mass flow controllers for the semiconductor manufacturing industry and is the owner of United States Patent Nos. 6,712,084 ("the '084 patent"), 6,932,098 ("the '098 patent"), 7,424,346 ("the '346 patent"), and 6,813,943 ("the '943 patent").  Copies of the '084 patent, '098 patent and '346 patent are attached to the third amended complaint (Docket No. 36) as Exhibits G, H and I, respectively.  A true and correct copy of the '943 patent is attached to this paper as Exhibit A.

3.      Upon information and belief, Brooks is a Delaware limited liability company with its principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

4.      Upon information and belief, BI Products is a Delaware limited liability company with its principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202 and venue for these Counterclaims is proper in this district under 28 U.S.C. § 1391.

6.      The Court has personal jurisdiction over Brooks and BI Products because they have submitted to the personal jurisdiction of this Court by commencing this action.

## BACKGROUND

7.      In their amended complaint, Brooks alleges ownership of United States Patent Nos. 7,073,392 ("the '392 patent"), 7,434,477 ("the '477 patent"), 7,273,063 ("the '063 patent") and 7,231,931 ("the '931 patent") and asserts that MKS has infringed and willfully infringed, directly, contributorily and by inducement, the '392, '477, '063, and '931 patents by

manufacture, use, sale, offering for sale and/or importing infringing flow delivery products, including at least, without limitation, MKS's πMFC series of pressure insensitive mass flow controllers and mass flow meters.

8.      In their third amended complaint, Brooks and BI Products alleged that their following products do not infringe any of the '084, '098 or '346 patents: the IFC-125 integrated flow controller and the GF-125 integrated flow controller as well as the Unit 25 Series performance gas flow controllers, Unit 125 Series integrated flow controllers, RFC 100 ratio flow controllers, IN3XP Series performance mass flow controllers and meters, and custom gas delivery modules using PTI technology.

**COUNT ONE: INFRINGEMENT OF THE '084, '943, '098 AND '346 PATENTS**

9.      MKS restates and incorporates by reference its allegations stated in the previous paragraphs of these Counterclaims.

10.      Upon information and belief, Brooks, BI Products and their predecessor in interest has infringed literally and/or under the doctrine of equivalents, induced others to infringe and/or has committed acts of contributory infringement and continues to infringe at least one claim of each of the '084, '943, '098 and '346 patents by manufacturing, using, selling, offering for sale and/or importing products and/or performing methods covered by the such claims.  The infringing products include, but are not limited to, the IFC-125 integrated flow controller and the GF-125 integrated flow controller as well as the Unit 25 Series performance gas flow controllers, Unit 125 Series integrated flow controllers, RFC 100 ratio flow controllers, IN3XP Series performance mass flow controllers and meters, custom gas delivery modules using PTI technology, and the B-Series mass flow controllers and systems including such products.  Upon information and belief Brooks, BI Products and/or their predecessors in interest have sold these

infringing products especially designed to be used by their customers, which include, without limitation, Applied Materials, Inc., in such a way that infringes the '084, '943, '098 and '346 patents, which lack substantial non-infringing uses, and which customers have used to actually infringe the '084, '943, '098 and '346 patents despite their knowledge of these patents and have specifically intended that their customers infringe these patents by providing at least marketing materials and instruction manuals detailing how to use these infringing products in one or more ways infringing these patents.

11.     To the extent that any marking was required by 35 U.S.C. § 287, MKS has complied with such requirements.

12.     Brooks and BI Products were placed on actual notice of infringement prior to these counterclaims, and have continued to infringe despite that notice.

13.     Upon information and belief, Brooks and BI Products will continue to infringe the '084, '098 and '346 patents unless enjoined by this Court.

14.     MKS has suffered damages as a result of infringement of the '084, '943, '098 and '346 patents by Brooks, BI Products and their predecessor in interest and will continue to suffer damages in the future unless Brooks and BI Products are permanently enjoined from infringing the same.

15.     MKS is informed and believes, and thereon alleges, that infringement of the '084, '943, '098 and '346 patents has been and continues to be willful.

## COUNT TWO: DECLARATION OF INVALIDITY OF
## THE '392, '477, '063 AND '931 PATENTS

16.     MKS restates and incorporates by reference its allegations stated in the previous paragraphs of these Counterclaims.

17.    An actual case or controversy exists between Brooks and BI Products on the one hand and MKS on the other hand as to whether the '392, '477, '063 and '931 patents are valid.

18.    A judicial declaration is necessary and appropriate so MKS may ascertain its rights regarding the '392, '477, '063 and '931 patents.

19.    One or more of the claims of the '392, '477, '063 and '931 patents are invalid for failure to comply with one or more of the requirements of Sections 100 *et seq.* of Title 35 of the United States Code including, without limitation, sections 101, 102, 103, and 112.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MKS respectfully requests the Court to grant it the following relief:

(a)    judgment that Brooks, BI Products and their predecessor in interest have infringed literally and/or under the doctrine of equivalents, actively induced infringement and/or committed acts of contributory infringement with respect to one or more claims of the '084, '943, '098 and '346 patents;

(b)    an order that Brooks and BI Product account for and pay to MKS all damages caused to MKS by the infringement of the '084, '943, '098 and '346 patents by Brooks, BI Products and their predecessor in interest;

(c)    prejudgment and post-judgment interest on the damages caused to MKS by infringement of the '084, '943, '098 and '346 patents by Brooks, BI Products and their predecessor in interest;

(d)    an order permanently enjoining Brooks and BI Products, their respective directors, officers, employees, agents, parents, subsidiaries, affiliates, and all

persons in active concert of participation with them from further acts of
infringement of the '084, '943, '098 and '346 patents;

(e)     an award of treble damages under 35 U.S.C. § 284 as a result of the willful and
deliberate infringement of the '084, '943, '098 and '346 patents by Brooks, BI
Products and their predecessor in interest;

(f)     that the actions of Brooks, BI Products and their predecessor in interest be
declared exceptional under 35 U.S.C. §285, and that MKS be awarded its costs
and attorney fees;

(g)     a declaration that the '392, '477, '063 and '931 patents are invalid; and

(h)     such other and further relief as this Court finds just and proper, together with the
costs in this action.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, MKS
respectfully demands a jury trial of all issues triable to a jury in this action.


Dated: October 28, 2010

Respectfully submitted,

MKS INSTRUMENTS, INC.,

By its attorneys,


/s/ Matthew E. Leno
Sarah Chapin Columbia (BBO #550155)
Matthew Leno (BBO #657152)
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Telephone:  (617) 535-4000
Facsimile:  (617) 535-3800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on October 28,

2010.

/s/ Matthew E. Leno

BST99 1659839-1.086400.0016