## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **BROOKS INSTRUMENT, LLC, and** | ) | |
| **BI PRODUCTS, LLC,** | ) | |
| | ) | **Civil Action No. 1:10-cv-10720** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MKS INSTRUMENTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## BROOKS INSTRUMENT, LLC AND BI PRODUCTS, LLC'S ANSWER AND COUNTERCLAIM TO MKS INSTRUMENTS, INC.'S COUNTERCLAIMS

Plaintiffs Brooks Instrument, LLC and BI Products, LLC (collectively, "Plaintiffs"), respond to the Counterclaims in MKS Instruments, Inc's ("MKS") Answer (D.I. #40) as follows:

### PARTIES

1.      On information and belief, Plaintiffs admit that MKS is a Massachusetts corporation having its principal place of business at 2 Tech Drive, Andover, Massachusetts 01810.

2.      Plaintiffs admit that MKS manufactures and sells flow delivery products, including at least, without limitation, it "piMFC" series of pressure insensitive mass flow controllers and mass flow meters.  On information and belief, Plaintiffs admit that MKS is the legal owner by assignment of all rights granted by U.S. Patent Nos. 6,712,084, 6,932,098, and 7,424,346  (collectively "the MKS Patents").  Plaintiffs further admit that copies of the MKS Patents are attached to Plaintiffs' Third Amended Complaint (Docket No. 39) as Exhibits G, H, and I.  Plaintiffs admit that what purports to be U.S. Patent No. 6,813,943 ("the '943 Patent") is attached as to MKS's Counterclaims as Exhibit A (the MKS Patents and the '943 Patent

collectively "the MKS Patents-in-Suit").  Plaintiffs are without sufficient knowledge or

information to admit or deny any other allegation in paragraph 2 of the Counterclaims, and on

that basis, deny each and every other allegation.

3.     Plaintiffs admit that Brooks Instrument, LLC, is a Delaware limited liability

company with its principal place of business at 407 W. Vine Street, Hatfield, PA  19440-3000.

4.     Plaintiffs admit that BI Products, LLC, is a Delaware limited liability company

with its principal place of business at 407 W. Vine Street, Hatfield, PA  19440-3000.

## JURISDICTION AND VENUE

5.     Plaintiffs admit that this Court has subject matter jurisdiction over MKS's

Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and that venue is proper in this

judicial District under 28 U.S.C. § 1391.  Plaintiffs deny each and every other allegation of

paragraph 5 of the Counterclaims.

6.     Plaintiffs admit that this Court has personal jurisdiction over the parties.

Plaintiffs deny each and every other allegation in paragraph 6 of the Counterclaims.

## BACKGROUND

7.     Plaintiffs admit that Brooks is the owner of all rights granted in United States

Patent Nos. 7,073,392 ("the '392 Patent), 7,434,477 ("the '477 Patent"), 7,273,063 ("the '063

Patent"), and 7,231,931 ("the '931 Patent").  Plaintiffs also admit that they have asserted that

MKS has been and is infringing, inducing infringement and/or contributing to the infringement

of the '392, '477, '063, and '931 Patents in this District, and throughout the United States, by

making, selling, using, offering for sale, and/or importing infringing flow delivery products,

including at least, without limitation, MKS's "piMFC" series of pressure insensitive mass flow

controllers and mass flow meters, embodying the patented invention as claimed in one or more

claims of the '392, '477, '063, and '931 Patents.  Plaintiffs further admit that they have asserted

that MKS has been and is willfully infringing the '392, '477, '063, and '931 Patents.  Plaintiffs

deny each and every other allegation in paragraph 7 of the Counterclaims.

8.      Plaintiffs admit that they and their products, which include, without limitation,

Unit 125 Series integrated flow controllers (including IFC-125 integrated flow controller and the

GF-125 integrated flow controller), RFC 100 ratio flow controllers, IN3XP Series performance

mass flow controllers and meters, and custom gas delivery modules using PTI technology sold

by Brooks and BI Products have not and do not infringe, either literally, under the doctrine of

equivalents, or indirectly, any valid claim of the MKS Patents.  Plaintiffs deny each and every

other allegation in paragraph 8 of the Counterclaims.

**COUNT ONE: INFRINGEMENT OF THE '084, '943, '098, AND '346 PATENTS**

9.      Plaintiffs incorporate and repeat their previous answers of paragraphs 1 through 8

as if fully set forth herein.

10.      Plaintiffs admit that that they make, use, sell, offer for sale and/or import

products, including, without limitation, Unit 125 Series integrated flow controllers (including

IFC-125 integrated flow controller and the GF-125 integrated flow controller), RFC 100 ratio

flow controllers, IN3XP Series performance mass flow controllers and meters, and custom gas

delivery modules using PTI technology.  Plaintiffs admit that that they have in the past made,

used, sold, offered for sale and/or imported the B-Series mass flow controllers and systems

including such products.  Plaintiffs further admit that Applied Materials, Inc. is one of their

customers.  Plaintiffs deny each and every other allegation in paragraph 10 of the Counterclaims.

11.      Plaintiffs are without sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 11 of the Counterclaims, and on that basis, deny each

and every allegation.

12.     Plaintiffs admit that on June 19, 2009, after BI Products acquired the instrumentation business of Celerity, Ms. Kathleen Burke, the General Counsel of MKS, sent a letter to Brooks alleging that certain Celerity products, including flow controller products, infringed the MKS Patents.  A copy of that letter is attached to the Third Amended Complaint as Exhibit J.  Plaintiffs deny each and every other allegation in paragraph 12 of the Counterclaims.

13.     Plaintiffs deny each and every allegation in paragraph 13 of the Counterclaims.

14.     Plaintiffs deny each and every allegation in paragraph 14 of the Counterclaims.

15.     Plaintiffs deny each and every allegation in paragraph 15 of the Counterclaims.

## COUNT TWO: DECLARATION OF INVALIDITY OF
## THE '392, '477, '063, AND '931 PATENTS

16.     Plaintiffs incorporate and repeat their previous answers of paragraphs 1 through 15 as if fully set forth herein.

17.     Plaintiffs deny each and every allegation in paragraph 17 of the Counterclaims.

18.     Plaintiffs deny each and every allegation in paragraph 18 of the Counterclaims.

19.     Plaintiffs deny each and every allegation in paragraph 19 of the Counterclaims.

## PRAYER FOR RELIEF

20.     Plaintiffs deny that MKS is entitled to any relief whatsoever, either as requested in MKS's Counterclaims or otherwise.

## AFFIRMATIVE DEFENSES

Further answering MKS's Counterclaims, Plaintiffs assert the following defenses, without assuming any burden of proof that they would not otherwise bear.  Plaintiffs reserve the right to amend their answer as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Plaintiffs do not infringe and have not infringed (either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents) any valid claim of the MKS Patents-in-Suit, and are not liable for damages arising from MKS's claimed infringement.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

One or more asserted claims of each of the MKS's Patents-in-Suit is invalid for failure to meet the conditions of patentability under at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Unenforceability - Inequitable Conduct)

Paragraphs 99-117 of Plaintiffs' Third Amended Complaint are incorporated by reference as though set forth fully herein.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

MKS's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Statutory Damages Limitations)

MKS's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### COUNTER-COUNTERCLAIMS

1.      Plaintiffs incorporate by reference their allegations in paragraphs 1 through 8  and 81 through 83 of their Third Amended Complaint, their responses to the allegations of paragraphs 1 through 20 of MKS's Counterclaims, and their Affirmative Defenses to MKS's Counterclaims.

## JURISDICTION AND VENUE

2.      These Counter-Counterclaims arise under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

3.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

## BACKGROUND

4.      In its Answer (D.I. #40), MKS additionally counterclaimed the '943 Patent, which it had not asserted previously against the Plaintiffs.

5.      MKS alleges in paragraph 2 of its Counterclaims that it is the owner of the '943 Patent.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '943 PATENT

6.      Plaintiffs incorporate paragraphs 1-5 of the counter-counterclaims as if fully set forth herein.

7.      An actual case or controversy exist between Plaintiffs and MKS because MKS filed a Counterclaim against Plaintiffs alleging infringement of the '943 Patent.  Absent a declaration of non-infringement and/or invalidity, MKS will continue to wrongfully assert the '943 Patent against Plaintiffs, and thereby, cause Plaintiffs irreparable injury and damage.

8.      Plaintiffs do not infringe and have not infringed (either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents) any valid claim of the '943 Patent and are entitled to a declaratory judgment to that effect pursuant to 28 U.S.C. §§ 2201-2202.

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '943 PATENT

9.      Plaintiffs incorporate paragraphs 1-8 of the counter-counterclaims as if fully set forth herein.

10.     An actual case or controversy exist between Plaintiffs and MKS because MKS filed a Counterclaim against Plaintiffs alleging infringement of the '943 Patent. Absent a declaration of non-infringement and/or invalidity, MKS will continue to wrongfully assert the '943 Patent against Plaintiffs, and thereby, cause Plaintiffs irreparable injury and damage.

11.     One or more asserted claims of the '943 Patent is invalid for failure to meet the conditions of patentability under at least 35 U.S.C. §§ 101, 102, 103, and/or 112, and Plaintiffs are entitled to a declaratory judgment to that effect pursuant to 28 U.S.C. §§ 2201-2202.

## EXCEPTIONAL CASE

12.     This case is exceptional, and pursuant to 35 U.S.C. § 285, Plaintiffs is entitled to an award of attorneys' fees.

## JUDGMENT SOUGHT

13.     Based on the foregoing, Plaintiffs seek a judgment holding that the '943 Patent is not infringed and is invalid.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial of all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)     In addition to the declaration of non-infringement of the '084, '098, and '346 Patents sought in Plaintiffs' Third Amended Complaint, a declaration that Plaintiffs have not infringed and are not infringing, directly or indirectly, any claims of the '943 Patent;

(b)     In addition to the declaration of invalidity of the '084, '098, and '346 Patents sought in Plaintiffs' Third Amended Complaint, a declaration that the claims of the '943 Patent are invalid;

(c)     A declaration that MKS and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Plaintiffs claiming that the '943 Patent is infringed or valid, or from representing that Plaintiffs' products or services, or that others' use thereof, infringe the '943 Patent;

(d)     An award to Plaintiffs of their attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

(e)     Such other and further relief as this Court may deem just and proper.

Dated:  November 18, 2010                          Respectfully submitted,

                                                    __/s/Michael H. Bunis___
                                                    Robert S. Frank (BBO #177240)
                                                    Michael H. Bunis (BBO #566839)
                                                    CHOATE HALL & STEWART LLP
                                                    Two International Place
                                                    Boston, Massachusetts 02110
                                                    Telephone: (617) 248-5000
                                                    Fax: (617) 248-4000
                                                    rfrank@choate.com
                                                    mbunis@choate.com

                                                    Mark C. Nelson (TX State Bar No. 2400190)
                                                    Darren W. Collins (TX State Bar No. 2400190)
                                                    SNR Denton US LLP
                                                    2000 McKinney Ave, Suite 1900
                                                    Dallas, Texas   75201
                                                    Telephone:  (214) 259-0901
                                                    Facsimile:   (214) 259-0910
                                                    mark.nelson@snrdenton.com
                                                    darren.collins@snrdenton.com

                                                    Jimmy Shin (CA State Bar No. 200161)
                                                    Karen C. Marchiano (BBO #668844)
                                                    SNR Denton US LLP
                                                    1530 Page Mill Road, Suite 200
                                                    Palo Alto, CA 94304-1125
                                                    Telephone: (650) 798-0300
                                                    Facsimile: (650) 798-0310
                                                    james.shin@snrdenton.com
                                                    karen.marchiano@snrdenton.com

                                                    **ATTORNEYS FOR PLAINTIFFS**
                                                    **BROOKS INSTRUMENT, LLC, and**
                                                    **BI PRODUCTS, LLC**

## <u>Certificate of Service</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.4 this 18th day of November, 2010.

/s/ Michael H. Bunis____

Michael H. Bunis

14916106\V-3