**IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BROOKS INSTRUMENT, LLC, and BI PRODUCTS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MKS INSTRUMENTS, INC.,<br><br>Defendant. | Civil Action No. 1:10-cv-10720<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MKS INSTRUMENTS, INC.'S ANSWER TO BROOKS INSTRUMENT, LLC AND BI PRODUCTS, LLC'S ANSWER AND COUNTERCLAIMS TO MKS INSTRUMENTS, INC'S COUNTERCLAIMS (DOC. NO. 44)**

Defendant MKS Instruments, Inc. ("MKS") answers plaintiff Brooks Instrument, LLC's ("Brooks") and plaintiff BI Products, LLC's ("BI Products") (collectively "Plaintiffs") Counter-counterclaims for Declaratory Judgment for Non-Infringement and Invalidity of U.S. Patent No. 6,813,943 (Doc. No. 44) as follows:

**ANSWER TO COUNTER-COUNTERCLAIMS**

1. MKS incorporates by reference its allegations in response to paragraphs 1 through 8 and 81 through 83 of its Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Third Amended Complaint (Doc. No. 40).

**JURISDICTION AND VENUE**

2. Paragraph 2 sets forth legal conclusions for which no response is required.

3. Paragraph 3 sets forth legal conclusions for which no response is required.

4. MKS admits that in Doc. No. 40 MKS asserted a claim for infringement of U.S. Patent No. 6,813,943 (the "'943 Patent") against Plaintiffs, which MKS had not previously

asserted against the Plaintiffs.

5. Admitted.

**ANSWER TO CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’943 PATENT**

6. MKS incorporates paragraphs 1-5 above as if fully set forth herein.

7. MKS admits that an actual case or controversy exists between Plaintiffs and MKS and that MKS filed a counterclaim against Plaintiffs alleging infringement of the ’943 Patent. MKS denies the remainder of the allegations of paragraph 7 on the basis that they are legal contentions that require no answer.

8. Denied. In response to the allegations of paragraph 8, Plaintiffs hereby specifically incorporate paragraphs 9-15 of its Counterclaims in its Answer, Affirmative Defenses and Counterclaims to Plaintiffs’ Third Amended Complaint (Doc. No. 40).

**ANSWER TO CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE ’943 PATENT**

9. MKS incorporates paragraphs 1-8 above as if fully set forth herein.

10. MKS admits that an actual case or controversy exists between Plaintiffs and MKS and that MKS filed a counterclaim against Plaintiffs alleging infringement of the ’943 Patent. MKS denies the remainder of the allegations of paragraph 10 on the basis that they are legal contentions that require no answer.

11. MKS denies the allegations of paragraph 11.

12. MKS denies the allegations of paragraph 12.

13. Paragraph 13 is not an allegation for which a response is required. However, MKS denies that Plaintiffs are entitled to a judgment that the ’943 Patent is not infringed by Plaintiffs and is invalid.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, MKS respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: January 7, 2011

Respectfully submitted,

MKS INSTRUMENTS, INC.,

By its attorneys,

/s/ Matthew E. Leno

Sarah Chapin Columbia (BBO #550155)
Matthew Leno (BBO #657152)
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Telephone: (617) 535-4000
Facsimile: (617) 535-3800

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 7, 2011.

/s/ Matthew E. Leno________

DM_US 27369880-1.086400.0016